### J. H. BOCK v. STATE.

No. A-6873. Opinion Filed Nov. 30, 1929.
(283 Pac. 272.)

E. V. Rakestraw, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on information, which charged him with selling intoxicating liquor to one W. E. Stone, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for a period of 30 days, from which judgment the plaintiff has appealed to this court.

The testimony on behalf of the state, in substance, is as follows:   W. E. Stone went to a filling station in the town of Roosevelt, and the defendant sold him a pint of whisky.   He went down the street about  two  blocks and delivered it to Jack Ball and Lee Watson.   The prosecuting witness had never met the defendant before.   He drove back to the filling station with Jack Ball and Lee Watson and pointed out the fellow  that  sold  him  the whisky.    Jack Ball and Lee Watson testified that the prosecuting witness W. E. Stone  brought  the  whisky down to where they were and they drove back to the filling station and he pointed out the man from whom he got the whisky and the  man  the  prosecuting  witness pointed out was the defendant.

The defendant shows where he was some time prior to the alleged sale of the whisky, and also testified that he was not at the filling station until just about  the  time

the witnesses Jack Ball and Lee Watson came up. The testimony is conflicting; the state's witness testifying to having bought the whisky from the defendant, and the defendant denying selling the whisky to the state's witness.

The defendant alleges as errors committed in the trial of his case: First, that the court erred in admitting incompetent, irrelevant, and immaterial testimony over his objections; second, because of error committed during the trial; third, the court erred in overruling the defendant's motion for a new trial.

The record in this case is short; the testimony on behalf of the state showing a sale made by the defendant to the prosecuting witness, W. E. Stone, and that on behalf of the defendant denying the sale or that the defendant had anything to do with the sale of the pint of whisky alleged to have been purchased from the defendant by the prosecuting witness.

The instructions of the court was applicable to the facts in this case. The instructions given by the court were not prejudicial to the rights of the defendant or calculated to mislead the jury. The testimony of the state, if believed by the jury, was sufficient to sustain the conviction. The verdict rendered by the jury is conclusive that the jury believed the state witnesses and disbelieved the witnesses for the defendant.

We have carefully examined the testimony contained in the record and find the evidence sufficient to sustain the conviction.

There being no errors prejudicial to the rights of the defendant, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.